UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

IN RE:                                     )
                                           )
JAMES MEDICAL EQUIPMENT, LTD.              )   CASE NO. 19-10187(1)(11)
                                           )
                                           )
                 Debtor                    )

## MEMORANDUM-OPINION

This matter is before the Court on the Motion to Reject Unexpired Nonresidential Lease for 950 Campbellsville Bypass, filed by Debtor James Medical Equipment, Ltd. ("Debtor"). The Court considered the Debtor's Motion, the Objection to the Motion filed by Creditor Donald E. James ("Creditor"), as well as the testimony of the witnesses, Mark Hinkle and Dwayne Allen. For the following reasons, the Court will **GRANT** the Motion to Reject the Unexpired Nonresidential Lease for 950 Campbellsville Bypass.

## FINDINGS OF FACT

Debtor is a medical supply company that provides various types of medical equipment to its approximately 5,000 customers. Approximately 1,500 of its customers use oxygen tanks.

On September 1, 2008, the Debtor entered into a Commercial Lease with Creditor for non-residential real property located at 950 Campbellsville Bypass, Campbellsville, Taylor County, Kentucky 42715 (hereinafter "the Property"). The Lease is a monthly lease for 20 years, beginning September 1, 2008 and ending August 20, 2028. The monthly rental is $7,000 for the first five years, with a 5% per month increase for each succeeding five year period.

Currently, the Debtor occupies the Property but is in the process of vacating the premises and has begun removing its personalty, equipment and trade fixtures with the intent to surrender possession to Creditor.

The Property has a large storage tank that Debtor uses to fill its individual oxygen tanks. The storage tank is used to transfer liquid from the storage tank through equipment that filters out the nitrogen, which can then be filtered into smaller tanks as oxygen. The storage tank is positioned outside the Property. It is bolted to a concrete pad next to the building. Inside the building, are docking stations for vacuum pumps which are bolted to the floor with plumbing fixtures attached to the drywall with 3/4 inch bolts where the individual oxygen tanks are filled with the pure oxygen. The plumbing fixtures are screwed into the storage tank which transfers the liquid into the gas used to fill the individual tanks for use by Debtor's customers.

Debtor proposes to move the large storage tank by means of a crane to a building in Eli, Kentucky, which it will rent for $1,000 per month, a significant cost savings for Debtor. The Eli property is owned by Brightleaf Properties ("Brightleaf"). The Trustee in a companion bankruptcy case, Jerry Burns, is part owner of Brightleaf. Mark Hinkle, the President of the Debtor is also a part owner of Brightleaf and has recently filed a Chapter 11 Petition in bankruptcy.

Dwayne Allen, testified by deposition at the hearing. Mr. Allen is familiar with the pumping facility at James Medical. Mr. Allen is a private contractor and has experience with liquid oxygen tanks, which includes installing liquid bulk tanks for hospitals and private companies for over 30 years. He has experience installing these systems as well as relocating them. He is personally familiar with the bolt tank and pumping facility at James Medical. He was asked by James Medical to remove the tank and all pumping components to another facility. This job will require the use of

a crane as well as an electrician. He described the tank as a liquid oxygen tank of approximately 1,500 gallons. It has two vaporizers that convert the liquid to gas before it is pumped into the smaller tanks inside the building. He estimates it would take him approximately two days to disassemble and prepare the system for the move. The tank has to be emptied and all electrical systems must be turned off before the move can occur. He estimates that there would be very little damage to the building in removing the tank. There are possibly one or two holes that would need to be filled on the concrete pad. It would only leave small holes in the drywall inside the building that could be patched. It would take approximately four or five days to move the equipment and get it reset at the new property. He estimates it would cost between $18,000 and $22,000 for the plumbing aspects of the job, as well as another $7,000 approximately for the crane. An electrician would charge between $90 to $105 an hour to disconnect and reconnect the systems. All of the main components and stainless steel piping from the facility can be moved and transferred and used at the new facility. Overall, he estimates it would be a little less than $50,000 to perform the job.

## **LEGAL ANALYSIS**

Debtor seek to reject the Lease on the Property pursuant to 11 U.S.C. § 365(a). The purpose behind § 365(a) is "to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to an abandoned burdensome property." *In re Republic Airways Holdings, Inc.*, 547 B.R. 578, 582 (Bankr. S.D. N.Y. 2016) (quoting *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993). The determination of whether assumption or rejection of an unexpired nonresidential lease should be authorized by a court is the "business judgment" test, which requires a debtor to determine that the requested assumption or

rejection would be beneficial to the estate. *See Grp. of Institutional Inv'rs., Inc. v. CHI, Milwaukee, St. Paul & Pac. R.R.*, 318 U.S. 523, 550 (1943).

Here, the substantial financial savings to the Debtor by rejection of the Lease is in the best interest of the Debtor's estate and its Creditors. The critical issue is whether or not the storage tank is a trade fixture and thus property of the Debtor. Debtor relies on *Alabama Farmers Cooperative, Inc. v. Jordan*, 440 Fed. Appx. 463 (6th Cir. 2011), an unpublished case, in support of its claim.

In the *Alabama Farmers*' case, the court held that greenhouses on leased farmland were trade fixtures under Kentucky law and thus remained property of the tenant. Under Kentucky law, a trade fixture is an "article annexed by the lessee to the real estate to aid him in carrying on his trade or business on the premises." *Bank of Shelbyville v. Hartford*, 268 Ky. 135, 104 S.W.2d 217, 219 (1937). Clearly, the tank meets this definition.

It is also important that the lease allows the tenant to remove "shelves, bins, machinery and trade fixtures as it may deem advisable, without altering the basic character of the building . . . or damaging such building or improvement . . ." *See* Lease at p. 8.

The testimony of Mr. Allen indicates that the tank can be moved successfully with little or no damage to the landlord's property. Furthermore, the terms of the Lease, as well as the testimony at the hearing, establish that the tank and apparatus used with the tank are trade fixtures that can be moved by the tenant with little or no damage to Creditor's property.

Based on the testimony and exhibits submitted at the hearing, the Court finds that removal of the tank and reinstallation at the Eli, Kentucky property is within the best judgment of the Debtor and to the benefit of the Debtor and its creditors. Furthermore, the tank and the fixtures are trade fixtures under the Lease and the property of the Debtor and may be removed from the Property with

little or no damage to the Creditor's property. For these reasons, the Court will **GRANT** the Debtor's Motion to reject the Lease for the Campbellsville property.

## **CONCLUSION**

For all of the above reasons, the Court will enter the attached Order granting Debtor's Motion to Reject Unexpired Nonresidential Lease for 950 Campbellsville Bypass.

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

IN RE:                                         )
                                               )
    JAMES MEDICAL EQUIPMENT, LTD.   )   CASE NO.  19-10187(1)(11)
                                               )
                                               )
                                 Debtor     )

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Reject Unexpired Nonresidential Lease for 950 Campbellsville Bypass filed by Debtor James Medical Equipment, Ltd., be and hereby is, **GRANTED**.